**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Vincent Bartello, | ) |
| Plaintiff, | ) Case No.: 2:13-cv-01891-GMN-VCF |
| vs. | ) |
| | ) **ORDER** |
| CitiMortgage, Inc.; Mortgage Electronic Registration Systems, Inc.; and Northwest Trustee Services, Inc., | ) |
| Defendants. | ) |

Pending before the Court is Plaintiff Vincent Bartello's Motion for Preliminary Injunction (ECF No. 1), and Motion to Remand (ECF No. 9). Also before the Court is the Motion to Dismiss (ECF No. 7) filed by Defendant CitiMortgage, Inc. ("CitiMortgage") and "MERSCORP, INC., formerly known and designated in the caption as 'Mortgage Electronic Registration Systems, Inc.,' ('MERS')" and joined by Defendant Northwest Trustee Services, Inc. ("Northwest") (ECF No. 16), as well as Northwest's Motion to Dismiss (ECF No. 17).

## I. BACKGROUND

Plaintiff's claims relate to the mortgage loan, deed of trust and foreclosure proceedings for the property located at 9708 Winter Palace Drive, Las Vegas, Nevada 89145 ("the property"). (Compl., 2:¶6, Ex. A to Notice of Removal, ECF No. 1-2.) In 2003, Plaintiff executed a Deed of Trust for the property, in which MERS is named beneficiary solely as nominee for the lender and the lender's successors and assigns. (*Id*. at 2-3:¶¶8, 13.) In 2011, CitiMortgage was assigned the beneficial interest in the Deed of Trust. (*Id*. at 3:¶¶8-9.)

Plaintiff alleges that he "is presently faced with foreclosure . . . and has made requests to [CitiMortgage] to request a short sale upon the denial of his modification on September 12, 2013." (*Id*. at 3:¶15.)

On October 7, 2013, Plaintiff filed a Complaint in state court against Defendants CitiMortgage, MERS, and Northwest (collectively, "Defendants"), alleging causes of action for: (1) declaratory relief; (2) injunctive relief; (3) breach of contract; (4) breach of the covenant of good faith and fair dealing; (5) inspection and accounting; (6) unfair lending practices, violation of NRS 598D.100; (7) deceptive trade practices; and (8) wrongful foreclosure. (*Id.*)

The balance of the mortgage loan is approximately $1,775,000.00, and Plaintiff alleges that the current market value is the same. (*Id.* at 3:¶¶16, 17.) Plaintiff alleges that CitiMortgage acted in bad faith in its actions relating to Plaintiff's attempts to obtain a loan modification. (*Id.* at 4.) Plaintiff alleges that Defendants, including Northwest as Trustee under the Deed of Trust, have violated Nevada foreclosure, lending and debt collection practices statutes in foreclosing on the property. (*Id.* at 4-5.)

CitiMortgage removed the action to this Court on October 15, 2013, on its own behalf and on behalf of "MERSCORP, INC., formerly known and designated in the caption as 'Mortgage Electronic Registration Systems, Inc.'"[1] (Notice of Removal, 1:20–22, ECF No. 1.) CitiMortgage "was served with the Summons and Complaint on or about October 8, 2013," (Notice of Removal, 2:¶3), and Northwest "was served with a copy of the Complaint on or about October 8, 2013" (Joinder, 1:¶1, ECF No. 12). As of October 21, 2013, MERS had not been served (Statement Upon Removal, 1:¶1, ECF No. 8), and no party has since submitted any proof of service upon MERS.

---

[1] Defendants do not provide any explanation for this statement. The Court takes judicial notice of the existence of "Mortgage Electronic Registration Systems, Inc.," a privately-held corporation organized and existing under the laws of the state of Delaware, and its parent company, "MERSCORP Holdings, Inc.," a privately-held corporation organized and existing under the laws of the state of Delaware. *See* Cert. of Incorporation for "MERSCORP Holdings, Inc." and "Mortgage Electronic Registration Systems, Inc.," Del. Corp. Info. Sys., Div. of Corps. in the Dept. of State for the State of Del., *available at* Online Services, Div. of Corps. in the Dept. of State for the State of Del., http://www.corp.delaware.gov/services.shtml; "About Us," MERSCORP Holdings, Inc., http://www.mersinc.org/about-us/about-us (last visited April 14, 2014).

## II. DISCUSSION

As discussed below, the Court finds that it has jurisdiction over this action based upon diversity of citizenship of the parties, and therefore Plaintiff's Motion to Remand (ECF No. 9) must be denied.

Also, the Court finds that Plaintiff has failed to state a legally cognizable claim and the grounds upon which it rests against Defendants, and that therefore the Motion to Dismiss (ECF No. 7) and Motion to Dismiss (ECF No. 17) must be granted.

As a result, the Court cannot find that Plaintiff has met his burden to show that he is entitled to a preliminary injunction, and therefore the Motion for Preliminary Injunction (ECF No. 1) must be denied.

Finally, the Court finds that Plaintiff should be given leave to amend, and therefore his Complaint will be dismissed without prejudice.

### A. Jurisdiction and Motion to Remand

In the Complaint, Plaintiff alleges that CitiMortgage "was a corporation authorized to do and is doing business in the State of Nevada," that MERS "was a corporation authorized to do and is doing business in the State of Nevada," and that Northwest "was a corporation authorized to do and is doing business in the State of Nevada." (Compl. at 2:¶¶2–4.)

However, in the Notice of Removal, filed October 15, 2013, CitiMortgage alleges that "[n]o Defendant is a citizen of Nevada," that it is "a New York Corporation with its principle [sic] place of business in New York," that "MERS is a Delaware Corporation with its principle [sic] place of business in New York," and that Northwest "is a Washington Corporation with its principle [sic] place of business in Oregon." (Notice of Removal, 2:¶4.) Furthermore, attached as Exhibit F to the Notice of Removal is a copy of an email from counsel for Northwest, addressed to counsel for CitiMortgage, indicating that "Northwest Trustee Services, Inc. consents to removing the above-referenced case to federal court." (ECF No. 1-7.)

1    On October 31, 2013, after Plaintiff filed its Motion to Remand (ECF No. 9), Northwest
2 also filed its Joinder to Petition for Removal (ECF No. 12), indicating that it had been served
3 on or about October 8, 2013.

**1. Legal Standard**

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Under the federal removal statute, a defendant may remove a civil action to federal district court where the district court would have original jurisdiction. 28 U.S.C. § 1441(a). Original jurisdiction may exist where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a). The party asserting jurisdiction bears the burden of persuasion to establish diversity jurisdiction and for establishing removal jurisdiction. *Hertz*, 559 U.S. at 96; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz*, 559 at 96–97.

The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

For the purpose of determining diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," also called the "nerve center" of the corporation, typically found at a corporation's headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

In determining whether a civil action is removable based on diversity of citizenship, the

citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(b)(1).  "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of [Title 28] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

**2. Analysis**

Plaintiff alleges that each Defendant "was" a corporation "authorized to do and is doing business in the State of Nevada," but does not allege the state in which each Defendant is incorporated. (ECF No. 1-2.)  Likewise, Plaintiff does not make any factual allegation as to the principal place of business for Defendants.  In the Notice of Removal, to which all Defendants indicated consent, Defendants are alleged to be incorporated in New York, Delaware, and Washington, with principal places of business in New York and Oregon. (ECF No. 1.)

Plaintiff argues that diversity jurisdiction is not satisfied because "Defendants' [sic] have failed to show that Defendant Northwest Trustee Services, Inc., is a citizen of a different State." (Mot. to Remand, 10:11–12, ECF No. 9.)  Plaintiff alleges that Defendant Northwest "is in direct alliance with RCO Legal, PS, which is located at 2485 Village View Drive, Suite 190, Henderson, Nevada 89074," and that "RCO Legal, PS," represented Defendant CitiMortgage "in an agent capacity during Plaintiff's Foreclosure Mediation proceedings."[2] (*Id*. at 2–6.)  On this basis, Plaintiff argues that "[t]his relationship appears to be an unincorporated association and/or artificial entity, which destroys diversity." (*Id*. at 5–7.)

As noted in the Response, Plaintiff's argument on this point is unclear, and Plaintiff provides no legal authority supporting the statement that the relationship between Defendant Northwest and its legal counsel "destroys diversity," particularly where Defendant Northwest's

---

[2] RCO Legal, P.S., is the law firm serving as counsel for Defendant Northwest in this action, as shown by Northwest's email consent to removal attached as Exhibit F to the Notice of Removal (ECF No. 1-7), and in the Certificate of Service for Plaintiff's Motion to Remand (ECF No. 9).

1    legal counsel is not itself named as a defendant in Plaintiff's Complaint.

2    Also, as shown in Defendant CitiMortgage's Response (ECF No. 14) to Plaintiff's
3    Motion to Remand (ECF No. 9), Defendant Northwest Trustee Services, Inc., is registered with
4    the Nevada Secretary of State as a foreign corporation organized under the laws of the state of
5    Washington, with its executive officers located in Bellevue, Washington. (*See* Ex. A to
6    Response, ECF No. 14-1.)  Plaintiff makes no factual allegations, in the Complaint or
7    otherwise, as to Defendant Northwest's principal place of business, and does not challenge
8    Defendants' factual allegations as to the principal place of business for any Defendant.

9    On this basis, the Court is satisfied that Defendant MERS is incorporated in Delaware,
10   that Defendant CitiMortgage incorporated in New York, and that Defendant Northwest is
11   incorporated in Washington.  Also, the Court is satisfied that none of Defendants' principal
12   places of business are located in Nevada.  Therefore, the Court finds that no Defendant is a
13   citizen of Nevada, and that there is complete diversity of citizenship.  Accordingly, Plaintiff's
14   Motion to Remand (ECF No. 9) will be denied.

15   **B. Motions to Dismiss**

16   Defendants move for dismissal of Plaintiff's claims on the basis of Rule 12(b)(6) of the
17   Federal Rules of Civil Procedure. (ECF Nos. 7, 17.)

18   **1. Legal Standard**

19   Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon
20   which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
21   555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on
22   which it rests, and although a court must take all factual allegations as true, legal conclusions
23   couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule
24   12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements
25   of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id*. Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992)  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**2. Analysis**

Plaintiff alleges the following causes of action in relation to the mortgage loan, deed of trust, and foreclosure proceedings for the property: (1) declaratory relief; (2) injunctive relief; (3) breach of contract; (4) breach of the covenant of good faith and fair dealing; (5) inspection and accounting; (6) unfair lending practices, violation of NRS 598D.100; (7) deceptive trade practices; and (8) wrongful foreclosure. (Compl., Ex. A to Notice of Removal, ECF No. 1-2.)

To the extent that Plaintiff's claims for declaratory and injunctive relief are premised on Plaintiff's substantive causes of action, these claims are disregarded. Accordingly, the Court will address Plaintiff's claims for breach of contract and of the covenant of good faith and fair dealing, for unfair lending practices and deceptive trade practices under Nevada statute, and for wrongful foreclosure and inspection and accounting.

*a. Contractual claims*

A claim for breach of contract must allege (1) the existence of a valid contract; (2) that the plaintiff performed or was excused from performance; (3) that the defendant breached the terms of the contract; and (4) that the plaintiff was damaged as a result of the breach. *See* Restatement (Second) of Contracts § 203 (2007); *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement"). An enforceable contract requires: (1) an offer and acceptance, (2) meeting of the minds, and (3) consideration. *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005).

"The doctrine of promissory estoppel, which embraces the concept of detrimental reliance, is intended as a substitute for consideration, and not as a substitute for an agreement between the parties." *Vancheri v. GNLV Corp.*, 777 P.2d 366, 369 (Nev. 1989). "Accordingly, the first prerequisite of the agreement is a promise." *Id.* To establish promissory estoppel four elements must exist: (1) the party to be estopped must be apprised of the true facts; (2) he must

1  intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has
2  the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of
3  the true state of facts; and (4) he must have relied to his detriment on the conduct of the party to
4  be estopped. *Pink v. Busch*, 691 P.2d 456, 459 (Nev. 1984).

5        To state a claim of breach of the covenant of good faith and fair dealing, a plaintiff must
6  allege: (1) the plaintiff and defendant were parties to an agreement; (2) the defendant owed a
7  duty of good faith to the plaintiff; (3) the defendant breached that duty by performing in a
8  manner that was unfaithful to the purpose of the contract; and (4) the plaintiff's justified
9  expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (per curiam). In
10 Nevada, an implied covenant of good faith and fair dealing exists in every commercial contract,
11 *Consol. Generator–Nevada, Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev.
12 1998) (per curiam), and a plaintiff may assert a claim for its breach "[w]here the terms of a
13 contract are literally complied with but one party to the contract deliberately countervenes the
14 intention and spirit of the contract," *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d
15 919, 922-923 (Nev. 1991). Where a claim for tortious breach of the covenant of good faith and
16 fair dealing is alleged, as opposed to contractual breach of the covenant of good faith and fair
17 dealing, a plaintiff must also allege the existence of a special relationship of reliance or
18 fiduciary duty. *See A.C. Shaw Constr., Inc. v. Washoe Cnty.*, 784 P.2d 9, 10 (Nev. 1989) (per
19 curiam) (construing *Aluevich v. Harrah's*, 660 P.2d 986 (Nev. 1983)).

20       Here, it is unclear whether Plaintiff's allegations of breach relate solely to written
21 contracts or to oral contracts as well. Plaintiff has not provided the Court with copies of any
22 written agreements between the parties. To the extent that Plaintiff is alleging breach of
23 contract and breach of the covenant of good faith and fair dealing in relation to the promissory
24 note for the mortgage loan, the Deed of Trust, or any other written loan documents, the Court
25 finds that Plaintiff has insufficiently pleaded facts to support his allegations of breach on the

part of Defendants.

To the extent that Plaintiff is alleging that Defendants literally complied with the terms of written contracts but acted in bad faith nevertheless, the Court finds that Plaintiff has failed to provide sufficient factual allegations to put Defendants on notice of a legally cognizable claim and the grounds upon which it rests.  Also, to the extent that Plaintiff intended to state a claim for promissory estoppel, the Court finds that Plaintiff has failed to do so.

Because the Court finds that Plaintiff may be able to cure these deficiencies in his contractual claims, the Court will dismiss these causes of action without prejudice, and with leave to amend.

### *b. Unfair lending and deceptive trade practices*

Plaintiff alleges that he executed the instant mortgage loan and Deed of Trust in 2003.  As of that date, it was an unfair lending practice to approve a loan without considering a borrower's ability to repay, pursuant to Nevada Revised Statutes, Chapter 598D.  The statute of limitations for claims alleging a violation of the unfair lending practices act is three years. *See* Nev. Rev. Stat. § 11.190(3)(a) (creating a three-year statutory period for claims premised on a violation of a statute).  Therefore, this cause of action appears to have accrued in 2003, and the statute of limitations expired in 2006.  Plaintiff does not allege facts supporting tolling of the statute of limitations.  Accordingly, this cause of action must be dismissed.

Furthermore, no legal authority supports a finding that Nevada's Deceptive Trade Practices Act applies to real property transactions, as opposed to the sale of goods and services. *See Reyna v. Wells Fargo Bank, N.A.*, No. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, *9 (D. Nev. July 11, 2011) ("N.R.S. § 598 ... applies only to goods and services and not to real estate loan transactions"); *see also Alexander v. Aurora Loan Servs.*, No. 2:09-cv-1790-KJD-LRL, 2010 WL 2773796, *2 (D. Nev. July 8, 2010) ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore [N.R.S. § 598] does not provide an avenue of

relief to [p]laintiff."); *Parker v. Greenpoint Mortg. Funding*, No. 3:11-cv–00039-ECR-RAM (D. Nev. July 15, 2011) (N.R.S. § 598 "does not cover a mortgage foreclosure"). Accordingly, this cause of action must be dismissed, as well.

### c. Wrongful foreclosure, inspection and accounting

An action for inspection and accounting will prevail only where the plaintiff can establish that there exists a relationship of special trust between the plaintiff and defendant. *See McCurdy v. Wells Fargo*, No. 2:10-cv-00880-RLH-RJJ, 2010 WL 4102943 (D. Nev. Oct. 18, 2010). Absent special circumstances, no such relationship exists between a lender and a borrower. *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 882 (9th Cir. 2007). Here, as discussed above, Plaintiff has alleged no such special relationship, and the facts alleged by Plaintiff do not permit such an inference. Accordingly, this cause of action will be dismissed with prejudice.

In Nevada, the common law tort of wrongful foreclosure requires a plaintiff to "establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Nevada statutes do not require parties initiating foreclosure to first provide proof that they are the holder and owner of the mortgage and note, and securitization of a mortgage loan does not bar a party from initiating foreclosure proceedings. *See* Nev. Rev. Stat. § 107.080; *Chavez v. California Reconveyance Co.*, 2010 WL 2545006, at *2 (D. Nev. 2010) ("NRS 107.080 does not forbid the securitization of a loan."). Accordingly, to the extent that Plaintiff premises this cause of action upon the securitization of the loan note, this cause of action must fail. Also, Plaintiff fails to allege that no breach of condition or failure of performance existed on his part. For both these reasons, the Court must dismiss this cause of action with prejudice.

*d. Leave to amend*

Because the Court finds that Plaintiff may be able to cure the deficiencies in his pleading so as to state a valid cause of action, the Court grants Plaintiff leave to amend his Complaint, as discussed in this Order.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Remand (ECF No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motions to Dismiss (ECF Nos. 7, 17) are **GRANTED**. Plaintiff's Complaint is dismissed without prejudice. Plaintiff shall have until May 5, 2014 to file an amended complaint. Failure to do so by this date will result in dismissal of this action with prejudice.

**IT IS FURTHER ORDERED** that the Motion for Preliminary Injunction (ECF No. 1) is **DENIED.**

**DATED** this 16 day of April, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court